DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Municipal Court, which found appellant guilty of one count of assault, in violation of R.C. 2903.13, and one count of resisting arrest, in violation of R.C. 2921.33. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Richard Dougherty, sets forth the following three assignments of error: *Page 2 
 {¶ 3} "1. The Trial Court erred by allowing the Magistrate to sentence the Defendant without unanimous consent of all parties.
 {¶ 4} "2. The Trial Court erred by not entering the Decision or Recommendation of the Magistrate on the Journal of the court by separate Judgment Entry.
 {¶ 5} "3. The Trial Court erred by not complying with O.R.C. 2317.39."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On July 8, 2006, appellant, a self-employed tennis court construction contractor from Bloomfield Hills, Michigan, was partying with a group of friends at the Skyway Lounge at Put-in-Bay.
 {¶ 7} Appellant and his friends had been consuming alcohol, appeared intoxicated, and creating a disturbance inside the Skyway Lounge. The facility manager requested that the group leave the premises. Rather than avail themselves of the opportunity to cooperate and leave, the group became increasingly disruptive and hostile. The manager called the police.
 {¶ 8} Upon arrival at the scene, the responding officers discussed the incident with appellant's group. Everyone in the group, except appellant, indicated to the officers that they would cause no further problems and would leave the premises.
 {¶ 9} By contrast, appellant was uncooperative and argumentative. The officers observed clear indicia of intoxication upon appellant's person, including glassy eyes, slurred speech, and the odor of alcohol. The officers confiscated appellant's golf *Page 3 
cart keys given their observation of his intoxicated state. Appellant was sitting in the driver's seat of the group's golf cart at that time. The officers advised the group to secure a taxi.
 {¶ 10} As the officers moved away, appellant charged towards them. Appellant struck a female officer in the face. Appellant continued to struggle with both officers kicking and resisting their commands. Ultimately, appellant had to be maced in order to be subdued.
 {¶ 11} Appellant was charged with assault of a peace officer, resisting arrest, criminal trespassing, and disorderly conduct.
 {¶ 12} On March 5, 2007, as a result of a negotiated plea agreement, appellant entered guilty pleas to one count of assault, a first-degree misdemeanor, and one count of resisting arrest, a second-degree misdemeanor. A presentence report was prepared.
 {¶ 13} On May 30, 2007, appellant was sentenced in municipal court. Appellant waived his right to appear before a judge and consented to the authority of the magistrate. The magistrate accepted appellant's pleas and found him guilty on both counts. The magistrate unambiguously explained to appellant that he would not have the opportunity to review the presentence report but that he and his counsel could make statements to the magistrate prior to sentencing.
 {¶ 14} Appellant's counsel made a statement in mitigation to the court. The magistrate made a sentencing recommendation. On June 15, 2007, the magistrate's recommendation was adopted by the court. Appellant filed a timely notice of appeal.
 {¶ 15} In his first assignment of error, appellant maintains that the trial court erred by having a magistrate sentence appellant without consent of all of the parties. *Page 4 
 {¶ 16} Crim.R. 19 establishes the scope of magistrate authority. It states in relevant part, "If imprisonment is a possible penalty for the offense charged, the matter may be referred only with unanimous consent of the parties, in writing or on the record in open court." Appellant alleges that the trial court failed to adhere to these requirements. The record of evidence belies this assertion.
 {¶ 17} The record establishes that appellant, by and through his counsel, agreed to and executed a negotiated plea agreement with the prosecution to dispose of all criminal charges pending against him. The record is equally clear regarding appellant's knowledge of and consent to the authority of the magistrate. The magistrate explicitly inquired of appellant's counsel, "Mr. Reinheimer, is Mr. Dougherty consenting to have this matter heard by the court's magistrate this afternoon?" Counsel for appellant replied, "Yes, Your Honor."
 {¶ 18} Appellant unpersuasively suggests that the failure of the prosecution to attend the sentencing hearing in person somehow negated their requisite consent. There is no evidence or legal authority in support of this notion. There were no objections by any party to the case, written or oral, to it being referred to the magistrate.
 {¶ 19} The record establishes that the parties complied with Crim.R. 19. Appellant's first assignment of error is found not well-taken.
 {¶ 20} In his second assignment of error, appellant asserts that the actions of the magistrate and judge in accepting his plea, making a sentencing recommendation, and *Page 5 
adoption of the sentencing recommendation were not done in conformity with Crim.R. 32(C).
 {¶ 21} Crim.R. 32(C) establishes, "a judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 22} The record of evidence refutes appellant's contention. Appellant completed and executed a prosecution waiver and plea agreement form. Appellant consented to the matter being referred to the magistrate. No party objected to the authority of the magistrate. The magistrate accepted appellant's no contest pleas in open court, found him guilty, and made a sentencing recommendation. All of these actions were memorialized in written form, stamped as approved by the judge, and stamped and entered by the clerk.
 {¶ 23} The record demonstrates compliance with Crim.R. 32(C). Appellant's second assignment of error is found not well-taken.
 {¶ 24} In his third assignment of error, appellant asserts that the trial court erred in not allowing him to review the presentence report prior to making the sentencing recommendation.
 {¶ 25} We need not belabor our analysis on this point. R.C. 2929.21 et seq., establishes misdemeanor sentencing guidelines. There is no requirement in misdemeanor *Page 6 
offenses to furnish the presentencing report to the defendant. While R.C. 2317.39 does create such a requirement for felony cases at the common pleas court level, there is no analogous requirement for misdemeanor cases at the municipal court level.
 {¶ 26} In conjunction with this, we note that the court expressly explained to appellant on the record that he would not be able to review the presentence report prior to sentencing but would be able to make any statement he so desired to the court. Appellant's third assignment of error is found not-well taken.
 {¶ 27} On consideration whereof, the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1